UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HUNTER ALEXANDER, Petitioner, | ) | |
| v. | ) | No. 1:25-cv-02620-JPH-KMB |
| WARDEN, Respondent. | ) | |

**Order Granting Respondent's Motion to Alter or Amend the Judgment and Amending Judgment to Dismissal With Prejudice**

On August 6, 2026, the Court granted in part and denied in part Respondent's motion to dismiss petitioner Hunter Alexander's petition for a writ of habeas corpus under 28 U.S.C. § 2254, dismissed this case without prejudice, and denied a certificate of appealability. Dkt. 18. The Court entered Final Judgment the same day. Dkt. 19.

On August 19, 2026, Respondent filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. 20. Respondent contends that the Court erred in dismissing this case without prejudice, having determined that Mr. Alexander has not yet exhausted the claims in his § 2254 petition. *Id.* at 5–6. Respondent maintains that Mr. Alexander's petition is untimely because it seeks to challenge his October 17, 2023, judgment of conviction and not the June 24, 2025, judgment for violation of his probation. *Id.* at 3. Because Mr. Alexander brought his § 2254 petition more than one year after the earlier judgment became final, Respondent contends, his petition is untimely and should have been dismissed *with* prejudice. Mr. Alexander did

not respond to the motion. The Court agrees with Respondent and will **grant** the motion to amend the judgment. The Court will also **deny** Mr. Alexander's other pending motions. Dkts. 22, 23.

## I. Legal Grounds

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days after entry of the judgment to correct a manifest error of law or fact or to present newly discovered evidence warranting relief. *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" *Id.* (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)).

## II. Factual Background

As the Court explained in the previous order, Mr. Alexander pleaded guilty on September 19, 2023, to battery by means of a deadly weapon in Indiana case 48C04-2212-F5-003627. Dkt. 18 at 1–2; *see* Dkt. 14-1 at 10. On October 17, 2023, the state court sentenced Mr. Alexander to five years' imprisonment with two years suspended to probation. Dkt. 14-1 at 10–11. The plea agreement included a waiver of Mr. Alexander's right to appeal his conviction and sentence. Dkt. 14-2 at 2, ¶ 8. Mr. Alexander did not file a motion to set aside his guilty plea or a direct appeal of his conviction or sentence. Dkt. 14-1 at 11–12; Dkt. 14-3.

Mr. Alexander's conviction might have become final on September 19, 2023—the day he pleaded guilty. *See Bonds v. Superintendent*, 620 F. Supp. 2d

945, 947 & n.1 (N.D. Ind. 2009). Or it might have become final 30 days after entry of the judgment, when Mr. Alexander's time to file a direct appeal expired. *See* Ind. R. App. Pro. 9(a)(1). That would make his conviction final as of November 16, 2023. Or, at the latest, his conviction was final on January 16, 2024, when his time to seek certiorari before the Supreme Court passed (plus one day because January 15, 2024, was a legal holiday, *see* Fed. R. Civ. P. 6(a)(1)(C)). *See* S. Ct. R. 13(1) (providing 90 days after entry of judgment to seek certiorari to the United States Supreme Court); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that a judgment is final under § 2244(d)(1)(A) at either the "conclusion of direct review" or the "expiration of the time for seeking such review"). Mr. Alexander had one year from the day his judgment became final to file his § 2254 petition in federal court. 28 U.S.C. § 2244(d)(1)(A). That means he had to bring his § 2254 petition by, at the earliest, September 18, 2024, or, at the latest, January 15, 2025. Whichever date Mr. Alexander's petition was due is immaterial because he did not file one until December 29, 2025, dkt. 1, well past any potential deadline.

In the meantime, on April 23, 2025, the state probation department filed a notice that Mr. Alexnader had violated the terms of his probation. Dkt. 14-1 at 12. Mr. Alexander admitted to violating his probation; and on June 24, 2025, the trial court revoked his probation and sentenced him to two years' imprisonment. *Id.* at 13–14.

On February 2, 2026—after his one-year deadline in § 2244(d)(1) had elapsed and after he filed his federal petition—Mr. Alexander filed his first state

petition for postconviction relief. Dkt. 14-1 at 1. That petition raises the same claims of ineffective trial counsel that Mr. Alexander raises in his § 2254 petition. Dkt. 14-5. The Court takes judicial notice that that petition remains pending. *See* Case 48C04-2602-PC-000006, available at mycase.in.gov.

## III. Discussion

The Court determined in the previous order that Mr. Alexander's § 2254 petition was not untimely because he filed it less than one year after "the June 24, 2025, amended judgment that authorizes Mr. Alexander's current confinement in prison." Dkt. 18 at 4. Respondent asserts in the motion to alter or amend the judgment that the relevant judgment is, in fact, the original October 17, 2023, judgment. Dkt. 20 at 1–2. Respondent notes that the claims in Mr. Alexander's petition challenge his trial attorney's effectiveness by asserting that he "threatened" Mr. Alexander to get him to sign the plea agreement, failed to investigate his case, and failed to communicate with him while his state case was pending. *Id.* Respondent asserts that those claims can only relate to Mr. Alexander's underlying criminal convictions—and not his probation violation that led to the June 24, 2025, amended judgment—so the October 17, 2023, judgment is the relevant one for determining the timeliness of Mr. Alexander's § 2254 petition. *Id.* at 2.

The Court agrees with this reasoning. Mr. Alexander has two judgments of conviction he could be challenging in his § 2254 petition. Mr. Alexander was originally sentenced pursuant to his guilty plea on October 17, 2023. That judgment imposed a five-year term of imprisonment with two of those years

suspended to probation. He was sentenced to an additional two years of imprisonment on June 24, 2025, after he violated the terms of his probation. Each of those state court decisions " imposing a period of custody may be contested independently in federal court." *Walls v. Posey*, 172 F.4th 532, 534 (7th Cir. 2026). Whether Mr. Alexander meant to challenge his 2023 or 2025 judgment " requires a brief explanation of his principal legal theory." *Id.*

As noted, Mr. Alexander's § 2254 petition seeks to challenge his trial counsel's effectiveness. In his petition, he says he "got framed on [his] case," "the Prosecutor threatened [him]," and his "Attorney failed as [his] Attorney on [his] case to force [him] to sign a plea bargain." Dkt. 1 at 1. He alleges that the "victim" had a gun, yet the prosecutor threatened to charge Mr. Alexander as a habitual offender. *Id.* He says his attorney warned Mr. Alexander that if he did not sign the plea agreement, he would be charged as a habitual offender and could face up to 15 years' imprisonment. *Id.* Mr. Alexander alleges that the witness statements were lies, but his attorney "didn[']t even fight [the] case." *Id.* He discusses not wanting to pursue "an insanity defense," which he believes affected his right to a speedy trial. *Id.* Mr. Alexander alleges that he did not even see his attorney until eight months after he was arrested, when his attorney brought him the plea agreement to sign. *Id.* at 1–2. He states that he wanted to go to trial but "got scared into signi[n]g a plea." *Id.* at 2.

These claims could only relate to Mr. Alexander's original criminal convictions. Mr. Alexander did not sign a plea agreement related to his probation violation. Nor was his competency questioned before he was sentenced for the

probation violation, though it was an issue as he awaited trial in 2023. *See* Dkt. 14-1 at 6–9. Mr. Alexander also was not incarcerated for eight months between the notice of his probation violation and when he was sentenced for the violation. Mr. Alexander's claims in his § 2254 petition make sense only if they are understood as directed against the earlier, 2023 judgment.

This situation is dissimilar to *Wilson v. Neal*, 108 F.4th 938, 941–944 (7th Cir. 2024), where the petitioner made clear that he was challenging a 2021 judgment reducing his sentence to 100 years' imprisonment, down from his original 2014 sentence of 183 years. Because Wilson's § 2254 petition sought to challenge the "new, intervening state-court judgment" that reduced his sentence, he received the benefit of "a new statute of limitations clock for federal habeas." *Id.* at 943–44 (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)). Mr. Alexander's situation is more analogous to the petitioner's in *Turner v. Brown*, 845 F.3d 294, 297 (7th Cir. 2017), where the Court of Appeals determined that the petitioner's claims in his § 2254 petition made clear that he was challenging his 1995 conviction for murder, rather than his 2013 conviction for robbery. As the Court noted in *Turner*, "AEDPA's one-year time limit . . . run[s] from each judgment." *Id.*

Like the petitioner in *Turner*, the facts in Mr. Alexander's petition make clear that he seeks to challenge his original, 2023 judgment rather than his 2025 probation revocation. His one-year time limit to challenge his 2023 judgment ended, at the latest, on January 15, 2025. He did not bring his § 2254 petition challenging that judgment and his underlying criminal

convictions until almost one year later, on December 29, 2025. Nor was Mr. Alexander's one-year deadline tolled by him filing a state court petition for postconviction relief. He did not file that petition until February 2026—after the one-year deadline under § 2244(d)(1) already elapsed and after he had already filed his § 2254 petition. By then, there was no time left in his federal deadline to be tolled. *See Teas v. Endicott*, 494 F.3d 580, 582–83 (7th Cir. 2007).

Because Mr. Alexander did not file his § 2254 petition within the one-year deadline to do so, his petition should have been dismissed with prejudice. The Court agrees with Respondent that relief is warranted under Federal Rule of Civil Procedure 59(e), and the judgment should be amended to reflect that the dismissal is *with* prejudice. The Court therefore **grants** Respondent's motion, dkt. [20], and will amend the judgment accordingly. The Court **denies as moot** Mr. Alexander's other motions. Dkts. 22, 23.

## IV. Conclusion

Respondent's motion to alter or amend the judgment, dkt. [20] is **granted**. The petitioner for a writ of habeas corpus, dkt. 1, is **dismissed with prejudice**.

The motions at dkt. [22] and [23] are **denied as moot**.

An amended final judgment consistent with this Order shall issue.

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HUNTER ALEXANDER
201044
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel